BALLESTER BROTHERS, PLAINTIFFS AND APPELLANTS, *v.* ABOY, TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action for the Refund of Taxes.

No. 3293.—Decided July 9, 1924.

TAXATION—INCOME TAX—EXCESS PROFITS.—The net income that should be taken as a basis for the tax on excess profits is the same that determines the normal tax, less ten per cent of the capital and the fixed sum of $10,000, in accordance with the proportion between the net income and the capital of the firm or corporation.

The facts are stated in the opinion.
*Mr. R. Rivera Zayas* for the appellants.
*The Attorney General* and *Mr. C. Llauger* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action concerning the collection of a tax on excess profits. The plaintiffs are a mercantile partnership with their office in the city of San Juan. Their capital is fixed at $40,000 and the gross receipts for the year were

$621,988.99. From this the general deductions were made amounting to $591,854.76, leaving a net income of $30,154.23.

About this calculation there is no question. The controversy arose on the question of what should be understood as the net income for the purpose of determining the tax on excess profits.

The law applicable is Act No. 43 of 1921. Section 17 thereof reads in part as follows:

"Section 17.—(1) *Normal Tax.*—There shall be levied, assessed, collected and paid for each taxable year on the net income of every individual, partnership, association or corporation, a normal tax of three per cent (3%).

"  *        *        *        *        *        *        *

"(3) *Excess Profits Tax.*—In addition to the normal tax there shall be levied, assessed, collected and paid on the net income exceeding $10,000 or more of every corporation, civil or mercantile, agricultural or industrial or other association or partnership, an excess profits tax in the manner following:

"  *        *        *        *        *        *        *

"When the proportion between the net income and the capital invested is 70% or more and less than 80%, 14% on the net income exceeding 10% of the capital invested in the taxable year."

Section 5 of the Act defines "net income" as follows:

"The term 'net income' of an individual, corporation, association or partnership means the gross income as defined in Section 6 less the deductions prescribed in Sections 12 and 13."

The deductions referred to in sections 12 and 13 of the Act were made, giving the result stated, and on this basis the Treasurer made the following calculation:

$$40,000) \; 30,154.23(.75$$
$$28,000 \; 0$$
$$\overline{\phantom{xxxx}}$$
$$2\;154\;2$$
$$2\;000\;0$$
$$\overline{\phantom{xxxx}}$$
$$154.23$$

The quotient is .75, or a proportion within the classifi-

cation of more than 70 per cent and less than 80 per cent, for which reason the Treasurer assessed the tax at the rate of 14 per cent, in accordance with paragraph 8 of subdivision 3 of section 17 of said Act No. 43 of 1921.

The plaintiffs appealed to the Board of Equalization and Review and the appeal was dismissed. Then the paintiffs paid the tax under protest and brought this action, which was also decided adversely to them, whereupon they appealed to this Supreme Court, assigning as error an improper interpretation of section 17 of the Act in calculating the net income. The said assignment is argued by the appellant as follows:

"The law prescribes that of the net income $10,000 and also a sum representing 10% of the capital invested shall not be taxed. In order that these deductions may not be taxed, as provided by the law, it is necessary first to make these deductions for the purpose of fixing the tax on excess profits. When they are made the proportion between the net income so reduced by these deductions and the capital invested is ascertained and in conformity with that proportion and following the rules prescribed by the law, the tax is imposed. In accordance with section 3 (*sic*), which establishes the normal tax, the total net income pays a tax at the rate of 3%. And in accordance with subdivision 3 a distinct tax is imposed upon the net income, it being on only what the law considers as excess profits. Therefore the tax is not on the net income, but only on that part thereof which the law considers excess profits. Hence, for example, in this case there is a net income of $30,154.23 and in accordance with section 3 (*sic*) it pays a normal tax of 3%. But within that net income the law considers that there is a part which was not a normal profit, but an excess profit, on which it desires to impose another tax. That part is what results after deducting $10,000 and $4,000, which leaves a balance of $16,154.25. This is the amount which the law considers excess profits on which a tax of 3% has already been paid. Undoubtedly it is not the intention of the law that the $14,000 allowed to be deducted because it is not considered as excess profits should pay no tax and, therefore, it is unlawful to impose the rate of the tax on excess profits including the sums which should not be taxed in the calculation of the amount of the tax. We are of the opinion, therefore, that in this case the Treas-

ury Department should have deducted the $10,000 and the $4,000 from the net income of $30,154.23 and then have established the proportion between the net income so reduced and the capital invested, which would place this case within the following subdivision of the Act:

" 'When the proportion between the net income and the capital invested is 40% or more and less than 50%, 8% on the net income exceeding 10% of the capital invested in the taxable year.' "

Inasmuch as the district court based its judgment on an opinion which shows careful study of the matter, it seems proper to answer the appellant's argument with the language of that court. Judge Foote expressed himself as follows:

"We can not agree with the plaintiffs in their interpretation of the law, for the law seems to us to be perfectly clear. In the different subdivisions of section 17 in which the rate of the tax is fixed it establishes as the basis thereof 'the proportion between the *net income* and the capital invested,' and the net income can be no other than that appearing in the schedule as such, without any deduction, for there is nothing from which we could conclude that the intention of the legislators was otherwise. Besides, following the contention of the plaintiff, the deductions authorized by the law would be made practically twice: once in fixing the rate of the tax and again in calculating the amount of the tax, and we are of the opinion that this is not allowed. There should be no confusion between the tax rate and the taxable capital. The deductions, we think, should be made from the taxable capital only after ascertaining the tax rate, which is independent. If the legislators had contemplated favoring the taxpayer in the manner alleged by the plaintiff, we think that they would have done so more simply and clearly."

Nothing more need be added. The meaning of *net income* is so clearly defined in the Act that there is no room for doubt. Here the general deduction referred to in sections 12 and 13 of the Act were made and the interested party agreed that when these general deductions had been made from the gross receipts there remained a net income of $30,154.23. The law says nothing about the other deductions claimed by the appellants, and such being the case,

the net income that should be taken as a basis for the tax on excess profits is the same that determines the normal tax, less ten per cent of the capital and the fixed sum of $10,000, in accordance with the proportion between the net income and the capital of the firm or corporation.

For the foregoing reasons the judgment must be affirmed in all particulars, and the motion of the appellee for an increase in the amount of attorney's fees for the work done in this court is overruled, inasmuch as the imposition. of costs in this court is not authorized.

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.